**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-1754

KINSALE INSURANCE COMPANY,

        Plaintiff - Appellant,

  v.

JDBC HOLDINGS, INC., d/b/a THE CBD FACTORIES,

        Defendant - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, District Judge.  (3:20-cv-00008-JPB)

Argued:  January 26, 2022                                    Decided:  April 20, 2022

Before GREGORY, Chief Judge, KING, and HEYTENS, Circuit Judges.

Dismissed and remanded by published opinion.  Chief Judge Gregory wrote the opinion, in which Judge King joined.  Judge Heytens wrote an opinion concurring in part and in the judgment.

**ARGUED:**  Jack Roy Reiter, GRAYROBINSON, P.A., Miami, Florida, for Appellant. Stuart A. McMillan, BOWLES RICE, LLP, Charleston, West Virginia, for Appellee.  **ON BRIEF:**  Jonathan L. Gaines, GRAYROBINSON, P.A., Miami, Florida, for Appellant. J. Tyler, Mayhew, Martinsburg, West Virginia, Patrick C. Timony, BOWLES RICE, LLP, Charleston, West Virginia, for Appellee.

GREGORY, Chief Judge:

On October 31, 2019, a fire erupted at a cannabidiol ("CBD") oil extraction factory in West Virginia, leased and operated by JDBC Holdings, Inc, d/b/a The CBD Factories ("JDBC"). On the following day, JDBC filed a claim for insurance coverage with Kinsale Insurance Company ("Kinsale"). On January 13, 2020, and without notifying JDBC about whether its claim was accepted or denied, Kinsale filed a suit in the U.S. District Court for the Northern District of West Virginia, alleging, *inter alia*, that it was not bound to provide coverage based upon the conditions and exclusions under the policy. After completing discovery, both parties filed motions for summary judgment. On March 31, 2021, the district court denied Kinsale's motion for summary judgment, granted in part JDBC's motion for partial summary judgment, and declared that Kinsale was bound to provide coverage. Subsequently, on April 28, 2021, Kinsale moved to certify the Partial Summary Judgment Order for immediate appeal. On April 29, 2021, the district court certified its Order as a final judgment pursuant to Fed. R. Civ. P. 54(b) and stayed JDBC's counterclaims for breach of contract and bad faith pending appeal. On May 12, 2021, JDBC filed a Motion for Reconsideration which the district court denied on July 7, 2021.

On January 26, 2022, we heard this case on oral argument. On January 27, 2022, we directed the parties to file supplemental briefing on whether we lack subject matter jurisdiction under 28 U.S.C §§ 1291 or 1292 following the district court's certification of its summary judgment order for interlocutory appeal pursuant to Rule 54(b). Because we find that the district court's Partial Summary Judgment Order is not a final decision under

2

Rule 54(b) and because we find that certification exceeded the scope of the district court's discretion, we dismiss the appeal and remand for further proceedings.[*]

I.

Federal courts of appeals only have jurisdiction "from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Rule 54(b) provides in relevant part that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

In certifying a judgment for appeal under Rule 54(b), the district court must first "determine whether the judgment is final" and second, "determine whether there is no just reason for the delay in the entry of judgment." *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980)).

The United States Supreme Court long-ago clarified that "a 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945); *see Hixson v. Moran*, 1 F.4th 297, 301 (4th Cir. 2021) (same). We have further clarified that

---

[*] Our ruling is limited to only the district court's Rule 54(b) certification. We do not vacate the district court's partial summary judgment order and do not review the parties' arguments raised on appeal on the merits.

3

a district court order that dismisses all claims of a complaint, with respect to all parties, is presumptively a final decision, regardless of whether it is with or without prejudice. *See Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (clarifying that "a district court order is not final until it has resolved all claims as to all parties") (internal quotation marks omitted). Accordingly, a final judgment is certifiable under Rule 54(b) and appealable under § 1291 if the judgment is "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the court of a multiple claims action.'" *See MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 7).

The Supreme Court has also clarified that grants of partial judgment that establish liability are only interlocutory. *See* Fed. R. Civ. P. 56(c). Also, "where assessment of damages or awarding of other relief remains to be resolved," such partial judgments are not "considered to be 'final.'" *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976). Indeed, on the question of whether an order is final, "[t]he label that a district court attaches to an order it issues does not control." *Id.*; *Calderon v. GEICO Gen. Ins. Co.*, 754 F.3d 201, 204 (4th Cir. 2014) (holding that "a judgment on liability that does not fix damages is not a final judgment because the assessment of damages is part of the merits of the claim that must be determined").

In determining whether there is no just reason for the delay in the entry of judgment, the district court is instructed to conduct a "case-specific" inquiry, keeping in mind that this inquiry is "tilted from the start against [the] fragmentation of appeals." *Braswell*, 2

4

F.3d at 1335 (quoting *Spiegel v. Trs. of Tufts Coll.*, 843 F.2d 38, 43 (1st Cir. 1988)). To guide the district court's case specific inquiry, it must consider the following factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Braswell*, 2 F.3d at 1335–36 (footnotes omitted) (deriving the factors from *Allis-Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975) (stating that the factors are not all inclusive)). We have instructed that "[w]here the district court is persuaded that Rule 54(b) certification is appropriate, the district court should state those findings on the record or in its order." *Braswell*, 2 F.3d at 1336. Accordingly, if the district court's "Rule 54(b) certification is devoid of findings or reasoning in support thereof, the deference normally accorded such a certification is nullified." *Braswell*, 2 F.3d at 1336; *see also Para-Chem S., Inc. v. Lowenstein Corp.*, 715 F.2d 128, 133 (4th Cir. 1983).

For our review, the Supreme Court has instructed that our role is "not to reweigh the equities or reassess the facts but to make sure that the conclusions derived from those weighing and assessments are juridically sound and supported by the record." *Curtiss-Wright Corp.*, 446 U.S. at 10. Accordingly, we review a district court's Rule 54(b) certification under an abuse of discretion standard. *Braswell*, 2 F.3d at 1336.

5

II.

A.

In determining whether we have jurisdiction over this case, we must first determine whether the district court's order is a final decision. Here, the district court held that its declaratory judgment, *see* J.A. 2203–25, was a final decision because it "affirmatively resolved the threshold question of coverage…[which] was, and is, the core issue underlying this litigation." J.A. 2246 (relying on *Henglein v. Colt Indus. Operating Corp.*, 260 F.3d 201, 210–11 (3d Cir. 2001) and other out of circuit cases for the proposition that a declaratory judgment is a final judgment if it conclusively resolves the core issues of the case).

The district court's order, however, is not a final decision. Though the district court resolved the key question of whether Kinsale was liable for providing insurance coverage for the damage caused by the fire at the JDBC facility, "the order does not embody the essential elements of a money judgment because the court has not found all of the facts necessary to compute the amount of damages due." *Calderon v. GEICO Gen. Ins. Co.*, 754 F.3d 201, 205 (4th Cir. 2014). In *Calderon*, we held that we lacked jurisdiction over a partial summary judgment order on liability because the district court did not resolve the amount of damages to be awarded to a class of GEICO workers who sued their employer for a failure to pay them overtime. *Id.* at 201–203. We have maintained that "a judgment on liability that does not fix damages is not a final judgment because the assessment of damages is part of the merits of the claim that must be determined." *Carolina Power & Light Co. v. Dynegy Mktg. & Trade*, 415 F.3d 354, 358 (4th Cir. 2005), *abrogated on other*

6

*grounds by Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Emps.*, 571 U.S. 177, 183 (2014); *see also Krus v. Krus*, No. 21-1774, 2021 WL 5275546, at *1 (4th Cir. Nov. 12, 2021) (vacating a Rule 54(b) certification because a "review of the record reveals that the district court did not adjudicate all of the issues raised in the case [as the] district court did not fix the amount of damages owed, and it expressly stated that it would not enter a final judgment in the case until it did so."); *Ins. Servs. of Beaufort, Inc. v. Aetna Cas. & Sur. Co.*, 966 F.2d 847, 853 (4th Cir. 1992) ("[A] default judgment may not be entered without a full hearing unless the damages are liquidated or otherwise uncontested.").

Here, the district court did not specify the amount Kinsale must pay and Kinsale maintains that "damages remain disputed and should be addressed at trial." J.A. 2455. The district court was notified of this error but did not correct it when JDBC moved for reconsideration. J.A. 2251–66 (arguing that there was no final decision because the district court did not liquidate its Partial Summary Judgment Order to a judgment for sum certain on JDBC's insurance claim). In its supplement briefing, and below, JDBC argued that the district court should liquidate its Partial Summary Judgment Order to a monetary judgment in JDBC's favor for $7.25 million, plus attorneys' fees and interest. J.A. 2257–2263. However, in denying JDBC's motion for reconsideration, *see* J.A. 2269–75, the district court acknowledged that:

> disputed issues remain as to the amount of the loss because, *inter alia*, the Pollution Exclusion excludes any *increase* in the insured's loss, damage, cost or expense, … and it is undisputed that the chemicals used by JDBC fall within the United States Environmental Protection Agency's definition of 'hazardous material.' Therefore, while Kinsale maintains that the Pollution

7

>  Exclusion bars coverage in this matter, at a minimum the pollutants at issue increased JDBC's 'loss, damage, cost or expense' and, as a result, assuming coverage for this loss exists, the amount of damages remains an issue for the trier of fact.

J.A. 2456 (emphasis in original).

Kinsale cites to two cases to argue that we may exercise jurisdiction where there are pending issues below. However, both cases are readily distinguishable. First, in *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631 (4th Cir. 2005), we exercised appellate jurisdiction over the district court's Rule 54(b) certification because the district court's declaratory judgment on liability mooted all remaining issues, such as bad faith and indemnification, and, thus, the declaratory judgment was a final decision. *See Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 323 F.Supp.2d 709, 723 (E.D. Va. 2004). Here, we have pending issues below which have not been mooted by the district court's declaratory judgment. Second, in *Penn-Am. Ins. Co. v. Mapp*, 521 F.3d 290, 296 (4th Cir. 2008), we declined to exercise jurisdiction because the district court's judgment only resolved one of two issues of liability. Here, there are remaining issues of whether Kinsale is liable for breach of contract and bad faith which remain unadjudicated below.

In all, because the district court still needs to conduct a trial to determine the final amount that Kinsale must pay, as well as adjudicate the remaining counterclaims below, "it cannot be said [that] the order before us [] left nothing more for the district court to do than enforce a judgment." *Calderon*, 754 F.3d at 206. Accordingly, since we are likely to encounter the issue of damages, liability, and counterclaims again on appeal, the district court's order was not a final decision under § 1291.

8

B.

Even if the district court's order was a final judgment, the district court abused its discretion in concluding that there was no just reason for delay to certify the Partial Summary Judgment Order for our review under Rule 54(b). In determining whether there are any just reasons for delay, the court must exercise its discretion "'in the interest of sound judicial administration,'" and consider the equities involved. *Curtiss-Wright Corp.*, 446 U.S. at 8. Here, the district court held that the "*Braswell* factors strongly support Rule 54(b) certification" because:

> First, [the district's declaratory order] completely resolved the parties' distinct declaratory judgment claims. Second, any potential need for review of the determination as to whether there is coverage will not be mooted by future developments in the matter remaining before this Court. Third, the Fourth Circuit will not be obligated to consider the same duty to indemnify issue a second time. Fourth, no claim or counterclaim exists which could result in a set-off against the declaratory judgment. Fifth, no other factor weighs in favor of delaying entry of final judgment, and the interests of judicial economy are greatly served by immediate appellate review.

J.A. 2247. The district court did not explain why the unresolved issue of damages and the counterclaims were insufficient to constitute just reason to delay a Rule 54(b) certification. Moreover, the district court did not explain why Kinsale "would suffer undue hardship if final judgment" was not entered and certified for immediate appeal. *Braswell*, 2 F.3d at 1335. Without such reasoning, "deference normally accorded such a certification is nullified." *Braswell*, 2 F.3d at 1336.

Indeed, we have held that "the fact the parties on appeal remain contestants below militates against the use of Rule 54(b)." *Braswell*, 2 F.3d at 1336. As "Rule 54(b) certification is . . . the exception rather than the norm[,] [i]t should n[ot] be granted

9

Case 3:20-cv-00008-JPB-JPM   Document 145   Filed 04/20/22   Page 10 of 14   PageID #: 3017
USCA4 Appeal: 21-1754      Doc: 60          Filed: 04/20/2022      Pg: 10 of 14

routinely." *Id.* at 1335. Accordingly, "[i]t will be a rare case where Rule 54(b) can appropriately be applied when the contestants on appeal remain contestants below." *Id.* at 1336 (quoting *Spiegel*, 843 F.2d at 44).

Here, JDBC and Kinsale have disputed and unresolved claims below which the district court stayed pending our review of the district court's declaratory judgment. J.A. 2250; *see also* J.A. 2434 (the district court held "that [though] plaintiff has a duty to accept and pay defendant's insurance claim, defendant is not entitled to partial summary judgment on its counterclaims at this time."). Namely, the disputed issues of damages, breach of contract, and common law bad faith are "interrelat[ed]" or "inextricably intertwined," *Braswell* 2 F.3d at 1337, with the question of whether Kinsale was bound to provide coverage.

Furthermore, in cases involving two parties, all claims that are intertwined must be "pursued together," rather than "separately." *Braswell* 2 F.3d at 1337. Here, we have a two-party dispute between an insurance company and the insured over three key questions: (1) does Kinsale have to pay for the damage caused by the fire? (2) if so, how much is Kinsale required to pay in damages? and (3) is Kinsale's refusal to pay a breach of contract and/or is it an act of bad faith? Though the district court answered the first key question, it has left the remaining questions to be resolved at trial. All three questions are interrelated because the answer to the first question implicates the remaining two questions. Accordingly, our policy against "piecemeal appeals when multiple claims are resolved in the course of a single lawsuit" controls and counsels against Rule 54(b) certification. *Braswell* 2 F.3d at 1335.

Without a final decision to review, we must dismiss the appeal before us and remand it for further proceedings so that all remaining claims and issues can be resolved. Alternatively, "a judgment for the plaintiff that determines liability for, but does not fix the amount of, damages is appealable solely under 28 U.S.C. § 1292(b), which requires not only appropriate certification by the district court but also application within ten days to the Court of Appeals." *Calderon*, 754 F.3d at 207 (quoting *Pemberton v. State Farm Mut. Auto. Ins. Co.*, 996 F.2d 789, 791 (5th Cir.1993)) (internal quoting marks omitted). Here, however, the district court explicitly declined to certify the appeal under § 1292(b) and Kinsale did not file the requisite application for leave to appeal within ten days of the district court's certification order. J.A. 2248 (the district court holding that "[h]aving found certification appropriate under Rule 54(b), this Court declines to address this additional certification argument [under 28 U.S.C. § 1292(b)].").

Because we lack jurisdiction to consider the appeal before us, the appeal is dismissed and remanded for further proceedings.

*DISMISSED AND REMANDED*

TOBY HEYTENS, Circuit Judge, concurring in part and in the judgment:

I agree this appeal must be dismissed because, as explained in Part II.B of the Court's opinion, the district court's conclusion that there was no just reason to delay an appeal was legally erroneous under our precedent. I do not agree, however, that the district court's order is not "final" within the meaning of Federal Rule of Civil Procedure 54(b).

Absent the district court's Rule 54(b) certification, there would have been no "final decision[ ]" for us to review. 28 U.S.C. § 1291. "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Because the district court's order did not fully resolve *all* of the parties' claims against each other, it did not "end[ ] the litigation on the merits." *Id.*

The Federal Rules of Civil Procedure, however, specifically grant district courts discretion to render "final" certain decisions that would not otherwise satisfy Section 1291. As relevant here, Rule 54(b) provides that "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim— . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

The Supreme Court has explained that a decision is properly considered "final" under Rule 54(b) when it is "an ultimate disposition *of an individual claim* entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980) (quotation marks omitted) (emphasis added). I think that standard is satisfied here. The insurance company sought a declaratory judgment that it does not owe coverage.

12

The district court fully resolved that "individual claim" by rejecting it. The CBD company sought a declaratory judgment that coverage is owed. The district court fully resolved that "individual claim" by accepting it. Nothing more is required to make the court's order final as to those claims and thus potentially eligible for a Rule 54(b) certification.

True, the district court has not resolved certain other counterclaims brought by the CBD company, nor has it ordered the insurance company to pay any particular amount of money. But courts "are not required to adjudicate the ultimate dispute between the parties" to render final an order granting or refusing a declaratory judgment. *Henglein v. Colt Indus. Operating Corp.*, 260 F.3d 201, 211 (3d Cir. 2001). Rather, "[o]nce a judgment disposing of all issues on which the parties sought a declaration is entered," the court's resolution of that distinct claim is final and thus "ripe for appeal." *Id.* at 210; see also *National Fuel Gas Distrib. Corp. v. TGX Corp.*, 950 F.2d 829, 834 (2d Cir. 1991).

In contrast, decisions like *Calderon v. GEICO General Insurance Co.*, 754 F.3d 201 (4th Cir. 2014), address a different situation: those where the district court has *not* fully resolved even a single "claim for relief" within the meaning of Rule 54(b). In *Calderon*, the plaintiffs' claims were for "recovery of overtime pay" alleged to have been "wrongfully withheld in violation of" the federal Fair Labor Standards Act and New York state law— not for a declaratory judgment. 754 F.3d at 203. The district court entered an order resolving the threshold question of liability but leaving unresolved numerous questions about remedy. *Id.* at 203–04. This Court held there was no final decision because "the order [did] not embody the essential elements of a money judgment," *id.* at 205—the only form of relief any party in that case had sought. The Court also considered but disclaimed the

13

possibility that a Rule 54(b) certification—which the district court had not made—could have changed matters, emphasizing that Rule 54(b) "pertains only to judgments that entirely dispose of one or more claims." 754 F.3d at 207 n.2.

Things are different here. Although the CBD company also brought other counter-claims seeking damages, the district court's order "entirely dispose[d] of" both parties' claims for a declaratory judgment and therefore "embodies the essential elements of a judgment" on those claims. *Calderon*, 754 F.3d at 206, 207 n.2 (quotation marks omitted). And that, I believe, is sufficient to make the order "final" for purposes of Rule 54(b).