## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### Martinsburg

**KINSALE INSURANCE COMPANY,**

      Plaintiff,

v.                                                          **CIVIL ACTION NO. 3:20-CV-8**
                                                                     Judge Bailey

**JDBC HOLDINGS, INC.** d/b/a
The CBD Factories,

      Defendant.

### MEMORANDUM ORDER AND OPINION

Pending before this Court are numerous pretrial motions. Having been fully briefed, this Court will address each motion in turn.

**I.**     **Kinsale's Motion in Limine to Preclude JDBC from Offering Any Evidence or Argument Regarding its Equipment Damages or Net Economic Loss**

Plaintiff moves this Court to preclude defendant from offering any evidence or argument as to its purported damages relating to equipment, machinery, and furniture. Additionally, plaintiff seeks to prohibit defendant from offering evidence related to its net economic loss. *See* [Doc. 215].

    **A.**     **Equipment, machinery, and furniture.**

Plaintiff argues that any evidence concerning loss of equipment, machinery, and furniture must be precluded because defendant did not retain an expert witness to testify concerning the same. This argument is flatly rejected. At trial, defendant plans to offer eyewitness testimony about the fire and the damage done to its equipment, along with

numerous photographs depicting the damage. Additionally, defendant will offer documentation, including invoicing and bank records, to show the replacement cost of the equipment. *See* [Doc. 218]. This evidence is sufficient to allow a jury to evaluate the extent of defendant's claims concerning loss of equipment, machinery, and furniture.[1]

### B. Net Economic Loss

Next, plaintiff contends defendant should be prevented from offering any evidence concerning net economic loss. This argument is totally belied by this Court's prior Order [Doc. 244], where this Court found that plaintiff is exposed to *Hayseeds* liability. Moreover, defendant's offered testimony concerning economic losses through its business records will be subject to cross examination at trial. Accordingly, plaintiff's Motion in Limine to Preclude JDBC from Offering Any Evidence or Argument Regarding its Equipment Damages or Net Economic Loss [**Doc. 214**] is **DENIED**.

### II. Kinsale's Motion in Limine to Preclude JDBC from Referring to or Offering Evidence Concerning Reinsurance

Plaintiff moves this Court to preclude defendant from referring to or offering any evidence relating to any reinsurance issued to or maintained by plaintiff. *See* [Doc. 216]. In response, defendant represents that it did not designate plaintiff's reinsurance report as an exhibit and does not intend to argue about reinsurance. *See* [Doc. 266]. Accordingly,

---

[1]To the extent plaintiff levies yet another argument that coverage does not exist despite this Court's express finding to the contrary, that argument is rejected. Namely, plaintiff's argument that "[b]ecause JDBC did not own and only leased the facility, the policy does not cover damage to the building itself[ ]" is defeated by the clear language contained in the policy's "Covered Property" section.

2

plaintiff's Motion in Limine to Preclude JDBC from Referring to or Offering Evidence Concerning Reinsurance [**Doc. 216**] is **GRANTED**.

### III. JDBC's First Motion in Limine to Preclude Kinsale from Contesting the Amount of JDBC's Insurance Claim

Defendant moves this Court to enter an Order precluding plaintiff from contesting the amount of the underlying claim. See [Doc. 218]. A review of the extensive pleading surrounding the Motion leads this Court to conclude that defendant is merely seeking summary judgment on its underlying claim through the guise of a Motion in Limine. As indicated by plaintiff, defendant is asking this Court to make a dispositive ruling on a portion of one of its affirmative claims for relief–namely, that defendant is entitled as a matter of law to insurance proceeds for a sum certain amount. However, this Court previously denied summary judgment to defendant on this claim by noting that the valuation of damages and/or cost to repair is contested, thereby necessitating jury consideration. Accordingly, the First Motion in Limine to Preclude Kinsale from Contesting the Amount of JDBC's Insurance Claim [**Doc. 218**] is **DENIED**.

### IV. JDBC's Second Motion in Limine to Preclude Kinsale from Arguing that JDBC's Damages were "Increased" by Pollution

Defendant moves this Court to enter an Order precluding plaintiff from presenting evidence or argument at trial that the fire loss damages were "increased" by pollution and are therefore excluded by the policy's "Pollution Exclusion" endorsement. See [Doc. 219]. Upon consideration of the briefs, this Court agrees with defendant. Permitting the introduction of this evidence would merely allow plaintiff to reargue that the "Pollution Exclusion" endorsement

contained in the policy somehow precludes coverage, and this Court has already rejected that argument in its Order resolving the parties' competing motions for summary judgment.[2] *See* [Doc. 99]. Accordingly, the Second Motion in Limine to Preclude Kinsale from Arguing that JDBC's Damages were "Increased" by Pollution [**Doc. 219**] is **GRANTED**.

## V.  JDBC's Third Motion in Limine to Preclude Empty Chair Defense

Defendant moves this Court to enter an Order precluding an empty chair defense at trial. *See* [Doc. 220]. More specifically, defendant seeks to bar plaintiff from shifting any blame to nonparties Wilkins Insurance Agency, Inc., Brian Wilkins, and/or Anna Carpenter. [Id. at 1]. Defendant avers that plaintiff may attempt to implicate these nonparties for their purported failure to obtain a builders' risk policy for defendant in order to mitigate plaintiff's culpability. [Id.]. Such implications are outside the scope of the matters remaining before this Court and, accordingly, the Third Motion in Limine to Preclude Empty Chair Defense [**Doc. 220**] is **GRANTED**.

## VI.  JDBC's Fourth Motion in Limine to Preclude Kinsale from Arguing JDBC Acted Negligently

In its fourth Motion, defendant moves this Court to enter an Order prohibiting plaintiff from arguing that defendant acted negligently in causing or contributing to its loss. *See*

---

[2]More specifically, this Court found that "[I]t is undisputed that defendant's claim is for fire and smoke damage and not for exposure to or cleanup of pollutants or other hazardous substances. [Doc. 69-4 at 17:7–21]. The proximate cause of the loss was an accidental fire started by a heat gun that ignited a table surface, and not exposure to or cleanup of contaminants for which coverage would have been excluded under the pollution endorsement." *See* [Doc. 99 at 18–19].

4

[Doc. 221]. This Court **DEFERS** ruling on this Motion at this time, and instead will issue a ruling following oral argument at the final pretrial conference.

### VII. JDBC's Fifth Motion in Limine to Preclude Expert Evidence from Alisa Breneman

Defendant seeks to preclude plaintiff from offering testimony or opinions from its retained expert Alisa Breneman. See [Doc. 222]. Plaintiff disclosed Ms. Breneman as its testifying expert on the cause and origin of the subject fire that occurred at defendant's facility. According to defendant, Ms. Breneman's report and purported testimony is no longer relevant because this Court previously held that coverage for the loss extends under the subject policy. [Id. at 1–2]. This position oversimplifies the nature of Ms. Breneman's report.

As identified by plaintiff, Ms. Breneman's report and purported testimony illustrate the extent of contested damages at the subject facility. See [Doc. 268]. Moreover, the report notes that Ms. Breneman visited the subject facility less than a month after the fire, lists damages in various rooms, and includes photographs of the facility post-loss. Accordingly, Ms. Breneman's testimony on the report is relevant to the extent it may assist the jury in calculating defendant's damages.

To the extent Ms. Breneman's report and purported testimony indicate that defendant somehow acted negligently, this Court will **DEFER** ruling on that portion of the Motion until oral argument is heard on the same at the final pretrial conference.

## VIII. JDBC's Sixth Motion in Limine to Preclude Expert Evidence from Robert De Loach, Jr.

In its sixth Motion, defendant moves to preclude plaintiff from offering testimony or opinions from its retained expert Robert De Loach, Jr. *See* [Doc. 223]. Defendant contends Mr. De Loach should be barred because his report states that he "was unable to determine the costs associated with the build back relating to the fire loss given the insufficient amount of information provided." Inconclusivity notwithstanding, Mr. De Loach, Jr. may testify as to his opinions concerning damages outlined in the report subject to cross examination. Accordingly, the Sixth Motion in Limine to Preclude Expert Evidence from Robert De Loach, Jr. [**Doc. 223**] is **DENIED**.

## IX. JDBC's Seventh Motion in Limine to Limit Expert Evidence from Rudy Martin

In its seventh Motion, defendant seeks to exclude the opinions offered by Rudy Martin in his December 11, 2020, and September 7, 2022, reports. *See* [Doc. 224]. Defendant contends that the December 11, 2020, report and opinions relate to whether coverage exists under the policy and whether defendant's insurance agent, Brian Wilkins, failed to properly advise defendant during the insurance application process. Pursuant to this Court's prior Order, the question of coverage has already been decided by this Court, and Mr. Martin's testimony concerning whether coverage exists will not be admitted. Additionally, the December 11 report contains conclusions that Mr. Wilkins had a duty to determine the types of coverages defendant needed to purchase. These conclusions are irrelevant to the claims remaining in this case and will not be admitted.

In the September 7 report, Mr. Martin offers conclusions that it was reasonable and consistent with industry standards for plaintiff to seek a coverage determination and/or recision of the subject policy. *See* [Doc. 270 at 7]. While this Court has affirmatively concluded that coverage exists, questions remain regarding the total amount of damages, whether a breach of contract occurred, and whether plaintiff engaged in bad faith or unfair trade practices. The September 7 report is germane to each of these issues. Accordingly, Mr. Martin may offer testimony concerning the September 7 report. As such, the Seventh Motion in Limine to Limit Expert Evidence from Rudy Martin [**Doc. 224**] is **GRANTED IN PART AND DENIED IN PART**.

## X. JDBC's Eighth Motion in Limine to Prohibit Evidence that JDBC Did Not Submit a Sworn Proof of Loss

Defendant moves this Court to prohibit evidence referencing the fact that it did not submit a sworn proof of loss. *See* [Doc. 225]. Not only is this evidence completely irrelevant to the remaining claims, the requirement to produce the sworn proof of loss was waived by plaintiff. *See* Syllabus Points 1–2, **Maynard v. National Fire Ins. Co. of Hartford**, 147 W.Va. 539, 129 S.E.2d 443 (1991), *overruled on other grounds by* **Smithson v. U.S. Fidelity & Guar. Co.**, 186 W.Va. 195, 411 S.E.2d 850 (1991). Relevant here, an insurance company waives the proof of loss requirement by requesting an examination under oath of its insured or by denying coverage for the claim. **Maynard**, 147 W.Va. at 553, 129 S.E.2d at 455 ("the weight of authority is to the effect that insurer waives proofs of loss by requiring an examination of insured on oath . . .") (internal citations omitted). Accordingly, the Eighth

Motion in Limine to Prohibit Evidence that JDBC Did Not Submit a Sworn Proof of Loss [**Doc. 225**] is **GRANTED**.

### XI. Kinsale's Motion in Limine to Exclude Inspection Report

Plaintiff moves this Court to exclude an inspection report prepared by Overland Solutions, Inc. *See* [Doc. 226]. According to plaintiff, the report is inadmissible hearsay. This report is admissible for three reasons. First, it is not hearsay because defendant does not offer it into evidence for the truth of the matter it asserts. Rather, defendant is offering the report in an attempt to demonstrate plaintiff's knowledge that defendant lacked an operational fire suppression system prior to the subject loss. Second, the report is not hearsay because it is a party admission offered against plaintiff. Pursuant to its own underwriting guidelines, plaintiff's agent inspected the subject facility before the loss and prepared the report. Plaintiff both authorized and adopted this inspection report and included it in its underwriting file. Finally, even if the report were hearsay, it is admissible as a business record under Fed. R. Evid. 803(6) and was included by plaintiff in its 26(a)(3) disclosures. Accordingly, the Motion in Limine to Exclude Inspection Report [**Doc. 226**] is **DENIED**.

### XII. Kinsale's Renewed Motion to Bifurcate Bad Faith Claims or, in the Alternative, Motion for Clarification of Scheduling Order

Plaintiff's self-explanatory Motion [**Doc. 228**] is **DENIED** as judicial economy weighs overwhelmingly in favor of a non-bifurcated trial.

### XIII. Kinsale's Motion in Limine to Exclude Expert Testimony of Vincent J. King

Plaintiff seeks an Order precluding the testimony of Vincent J. King because (1) Mr. King is not qualified to render testimony on the areas for which he has been designated and

8

(2) Mr. King's proffered testimony impermissibly invade the province of the court and jury by stating what the law is and whether that law has been violated. See [Doc. 231 at 1]. In Response, defendant states that Mr. King will no longer offer legal opinions concerning whether coverage exists or the subject insurance contract was breached. See [Doc. 262 at 1–2]. Instead, and like Mr. Martin, Mr. King's remaining opinions relate to the applicable standard of care binding upon plaintiff, and the handling of defendant's claim. Accordingly, the Motion in Limine to Exclude Expert Testimony of Vincent J. King [**Doc. 230**] is **DENIED**.

### XIV. Kinsale's Motion in Limine to Preclude Any Evidence or Argument that Kinsale is Liable for Lost Profits

The Motion in Limine to Preclude Any Evidence or Argument that Kinsale is Liable for Lost Profits [**Doc. 241**] is **DENIED** for the reasons contained in subsection "I.B." of this Order.

### XV. Kinsale's Motion for Summary Judgment or, in the Alternative, Motion in Limine to Preclude Any Evidence or Argument that Kinsale Violated the WVUTPA or Owes Extracontractual Damages Under *Hayseeds*

Plaintiff moves for summary judgment on defendant's claims that it violated the West Virginia Unfair Trade Practices Act. See [Doc. 232]. Additionally, plaintiff asks this Court to find that it owes defendant no extracontractual damages. [Id.]. In the alternative, plaintiff requests an order excluding any evidence or argument that it violated the West Virginia Unfair Trade Practices Act or owes defendant any extracontractual damages. [Id.].

#### A. *Hayseeds*

This Court rejects plaintiff's arguments concerning *Hayseeds* liability and potential liability for extracontractual damages. In fact, and as plaintiff should be well aware, this Court

rejected virtually identical arguments offered in opposition to *Hayseeds* liability in its Order Denying Motion for Partial Summary Judgment [Doc. 244] on September 28, 2022.[3]

## B. The West Virginia Unfair Trade Practices Act

Plaintiff asserts a strikingly similar argument in support of summary judgment as to the West Virginia Unfair Trade Practices Act as it did in its prior briefing–namely, that nonadmitted surplus lines carriers are not subject to the Act. *See* [Doc. 233 at 7–8]. In support of this position, plaintiff cites to *no* case law. Additionally, this Court already addressed this argument in its September 28, 2022, Order where it found *Hayseeds* liability to exist. This Court sees no need to revisit that Order.

## CONCLUSION

Having so found, it is hereby **ORDERED** that:

1. Plaintiff's Motion in Limine to Preclude JDBC from Offering Any Evidence or Argument Regarding its Equipment Damages or Net Economic Loss [**Doc. 214**] is **DENIED**;

---

[3]This Court assumed that by issuing Orders, the parties subject thereto (in this instance, plaintiff) would, at the very least, conduct a brief scan of their contents. Based on the contents of its Motion concerning *Hayseeds* liability, this assumption was incorrect. What is more, it appears based on defendant's representation in footnote 1 of its responsive briefing, defendant actually advised plaintiff of this Court's September 28, 2022, Order containing a dispositive ruling on plaintiff's arguments in this Motion, but plaintiff declined to withdraw at least that portion of this Motion.

The declination has resulted in a serious waste of judicial resources, and plaintiff is *strongly cautioned* to refrain from asking this Court to reconsider prior opinions, or to rule on Motions which have essentially been ruled on in other prior Orders.

2. Plaintiff's Motion in Limine to Preclude JDBC from Referring to or Offering Evidence Concerning Reinsurance [**Doc. 216**] is **GRANTED**;

3. Defendant's First Motion in Limine to Preclude Kinsale from Contesting the Amount of JDBC's Insurance Claim [**Doc. 218**] is **DENIED**;

4. Defendant's Second Motion in Limine to Preclude Kinsale from Arguing that JDBC's Damages were "Increased" by Pollution [**Doc. 219**] is **GRANTED**;

5. Defendant's Third Motion in Limine to Preclude Empty Chair Defense [**Doc. 220**] is **GRANTED**;

6. Defendant's Fourth Motion in Limine to Preclude Kinsale from Arguing JDBC Acted Negligently [**Doc. 221**] is **DEFERRED** following oral argument;

7. Defendant's Fifth Motion in Limine to Preclude Expert Evidence from Alisa Breneman [**Doc. 222**] is **DEFERRED** following oral argument;

8. Defendant's Sixth Motion in Limine to Preclude Expert Evidence from Robert De Loach, Jr. [**Doc. 223**] is **DENIED**.

9. Defendant's Seventh Motion in Limine to Limit Expert Evidence from Rudy Martin [**Doc. 224**] is **GRANTED IN PART AND DENIED IN PART**;

10. Defendant's Eighth Motion in Limine to Prohibit Evidence that JDBC Did Not Submit a Sworn Proof of Loss [**Doc. 225**] is **GRANTED**;

11. Plaintiff's Motion in Limine to Exclude Inspection Report [**Doc. 226**] is **DENIED**;

12. Plaintiff's Renewed Motion to Bifurcate Bad Faith Claims or, in the Alternative, Motion for Clarification of Scheduling Order [**Doc. 228**] is **DENIED**;

13. Plaintiff's Motion in Limine to Exclude Expert Testimony of Vincent J. King [**Doc. 230**] is **DENIED**;

14. Plaintiff's Motion in Limine to Preclude Any Evidence or Argument that Kinsale is Liable for Lost Profits [**Doc. 241**] is **DENIED**;

15. Plaintiff's Motion for Summary Judgment or, in the Alternative, Motion in Limine to Preclude Any Evidence or Argument that Kinsale Violated the WVUTPA or Owes Extracontractual Damages Under *Hayseeds* [**Doc. 232**] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** October **12**, 2022.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**