**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION**

**KINSALE INSURANCE COMPANY,**

        *Plaintiff*,

**v.**                                                              **CIVIL ACTION NO.: 3:20-CV-8
(JUDGE BAILEY)**

**JDBC HOLDINGS, INC.
d/b/a THE CBD FACTORIES,**

        *Defendant*.

### <u>FINAL JUDGMENT ORDER</u>

This matter arises out of a fire that occurred at defendant's industrial hemp extraction facility on October 31, 2019.  Plaintiff filed this suit on January 13, 2020, seeking rescission of the insurance policy it issued to defendant or, alternatively, a declaratory judgment that no coverage existed under the policy for defendant's losses from the fire.  [Doc. 1].  This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

Following discovery, on March 31, 2021, the Court resolved competing motions for summary judgment by denying plaintiff's motion, granting defendant's motion in part, finding that plaintiff had a duty under the subject policy to accept and pay defendant's insurance claim, and dismissing plaintiff's complaint.  [Doc. 99].

On September 28, 2022, the Court denied defendant's motion for partial summary judgment as to breach of contract and *Hayseeds* liability without prejudice.  [Doc. 244].  As to breach of contract, the Court ruled that the value of defendant's insurance claim must be settled at trial.  As to defendant's *Hayseeds* claim, the court ruled that defendant's attorneys' services were necessary to obtain payment of insurance proceeds, but instructed defendant to reassert its request following settlement or jury verdict.

This matter subsequently came on for a jury trial on defendant's counterclaims in the United States District Court for the Northern District of West Virginia, the Honorable John P. Bailey, District Judge, presiding.  Trial commenced on October 24, 2022, and continued thereafter on October 25, 26, 27, and 28, 2022.  [Docs. 285-288, 293].

On October 28, 2022, the jury returned the following verdict:

1.   **What amount of money do you find that Kinsale must pay to JDBC as proceeds under the insurance policy?**

     **$6,450,000.00              **

2.   **Do you find that JDBC is entitled to an award of prejudgment interest on the amount you awarded in Question 1?**

     **Yes   X        No        **

3.   **Do you find that JDBC suffered economic loss or annoyance, aggravation, and inconvenience as a result of Kinsale's handling of the claim?**

     **Yes        No   X     **

4.   **Do you find that Kinsale, by clear and convincing evidence, acted with actual malice toward JDBC?**

     **Yes        No   X     **

The Court polled the jury and confirmed their verdict.

On November 3, 2022, defendant reasserted its motion for partial summary judgment as to *Hayseeds* liability, moving for judgment as a matter of law that it "substantially prevailed" on its insurance claim.  [Doc. 297].  On November 29, 2022, the Court granted defendant's motion, thereby entitling it to recover reasonable attorneys'

fees and costs.  [Doc. 301].  Defendant filed its motion for attorneys' fees and costs on December 13, 2022, and plaintiff filed a response in opposition on December 27, 2022. [Docs. 302-303].

On January 19, 2023, the Court ruled that defendant is entitled to recover Two Million, Five Hundred and Eighty-Thousand and 0/100 Dollars ($2,580,000.00) for its reasonable attorneys' fees and Seventy-One Thousand, Four Hundred and Forty-Three and 23/100 Dollars ($71,433.23) for its reasonable costs.  [Doc. 315].

Pursuant to the jury's finding as to Question 3, the Court calculates prejudgment interest as follows.  In a diversity case such as this one, prejudgment interest is a matter of West Virginia substantive law.  *See Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614 (4th Cir. 1999).  *See also* W.Va. Code §§ 56-6-27 & 56-6-31.  JDBC's insurance claim arose on the date of the fire, October 31, 2019.  For claims arising in 2019, the Supreme Court of Appeals of West Virginia set the applicable interest rate at 5.5%. http://www.courtswv.gov/legal-community/pdfs/interest2019.pdf.   The jury's verdict of $6,450,000.00 therefore began accruing prejudgment interest on October 31, 2019 at a rate of $971.92 per day:

$6,450,000 Verdict x 5.5% Interest Rate = $354,750 Annual Interest

$354,750 Annual Interest / 365 Days = $971.92 *Per Diem* Interest

*See also Burkett v. AIG Claim Servs., Inc.*, No. 3:03-CV-1, 2007 WL 9734152 (N.D. W.Va. July 16, 2007).  1,177 days have elapsed between October 31, 2019 and the date of this judgment.  Accordingly, the Court awards defendant One Million, One Hundred Forty-Three Thousand, Nine Hundred and Forty-Nine and 84/100 Dollars ($1,143,949.84) in prejudgment interest on the jury's verdict.

Pursuant to the above, the Court hereby **ORDERS** that final judgment be entered by the Clerk on the docket in favor of defendant, **JDBC Holdings, Inc.**, and against plaintiff, **Kinsale Insurance Company**, in the total sum of **TEN MILLION, TWO HUNDRED AND FORTY-FIVE THOUSAND, THREE HUNDRED AND EIGHTY-THREE AND 7/100 DOLLARS ($10,245,383.07)**, with the Court's judgment to bear plus post-judgment interest pursuant to 28 U.S.C. § 1961 at a rate of **Four and 70/100 Percent (4.70%)**.

The Court further **ORDERS** that plaintiff **Kinsale Insurance Company** shall pay costs pursuant to Federal Rule of Civil Procedure 54 and L.R. Civ. P. 54.01.  The Clerk shall tax costs within ten (10) days of entry of this Order and shall provide copies of the bill to all parties.

The Clerk is directed to mark this matter as closed and remove it from the Court's active docket.

The Clerk is directed to provide copies of this Order to all counsel of record herein.

**ENTERED**: January ___, 2023.


                                                               _____

                                                               **JOHN PRESTON BAILEY**
                                                               **UNITED STATES DISTRICT JUDGE**